B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of South Carolina

In re John P. Willey, Debtor

Case No. 14-05740
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: FreedomRoad Financial

2. Amount of the debt subject to this reaffirmation agreement:
$ 6,576.17 on the date of bankruptcy $ 6,576.17 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 8.50 % prior to bankruptcy
8.50 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 188.89 per month for 41 months

5. Collateral, if any, securing the debt: Current market value: $ 5,255.00
Description: 2007 DUCATI GT1000, VIN#ZDM1WA8P07B009691

6. Does the creditor assert that the debt is nondischargeable? ___Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from Schedule I, line 12 $ 4868.79

8A. Total monthly expenses from Schedule J, line 22 $ 4677.00

9A. Total monthly payments on reaffirmed debts not listed on Schedule J $ Ø

**Debtor's Income and Expenses as Stated on Reaffirmation Agreement**

7B. Monthly income from all sources after payroll deductions $ 4868.79

8B. Monthly expenses $ 4677.00

9B. Total monthly payments on reaffirmed debts not included in monthly expenses $ Ø

10B. Net monthly income $ 191.79
(Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

Signature of Debtor (only required if line 11 or 12 is completed)

Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed)

**Other Information**

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
✓ Yes ______No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
✓ Yes ______No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

Signature

Nic Spallas
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

Check one.
☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

District of South Carolina

In re John P. Willey,
*Debtor*

Case No. 14-05740

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** FreedomRoad Financial

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Promissory Note & Security Agreement
*For example, auto loan*

B. ***AMOUNT REAFFIRMED***: $ 6,576.17

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before ________, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is 8.50 %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☑ Fixed rate ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐ $_______ per month for _______ months starting on___________.

☑ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

$188.89/mo. until paid in full. Except as modified below, the terms of the attached Promissory Note and Security Agreement are hereby incorporated by reference. This reaffirmation agreement is void if the underlying security agreement is determined to be unenforceable or invalid by the Bankruptcy or other Court of competent jurisdiction

E. Describe the collateral, if any, securing the debt:

Description: 2007 DUCATI GT1000...009691
Current Market Value $ 5,255.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑ Yes. What was the purchase price for the collateral? $ 9,696.00

☐ No. What was the amount of the original loan? $__________

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

| | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 6,576.17 | $ 6,576.17 |
| Annual Percentage Rate | 8.500 % | 8.50 % |
| Monthly Payment | $ 188.89 | $ 188.89 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☑ Yes ☐ No

B. Is the creditor a credit union?

Check one. ☐ Yes ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

a. Monthly income from all sources after payroll deductions (take-home pay plus any other income) $ 4869.79

b. Monthly expenses (including all reaffirmed debts except this one) $ 4487.00

c. Amount available to pay this reaffirmed debt (subtract b. from a.) $ 382.79

d. Amount of monthly payment required for this reaffirmed debt $ 188.89

*If the monthly payment on this reaffirmed debt (line d.)* ***is greater than*** *the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

Check one of the two statements below, if applicable:

You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 11/17/2014 Signature ______________ *Debtor*

Date ______________ Signature ______________ *Joint Debtor, if any*

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor FreedomRoad Financial, c/o CRG, 1790 E. River Rd., Ste. 101, Tucson, AZ 85718
*Print Name* *Address*

Nichlas P. Spallas ______________ 11/17/14
*Print Name of Representative* *Signature* *Date*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 11/17/2014 Signature of Debtor's Attorney ______________

Print Name of Debtor's Attorney R Michael Drose

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A ''lien'' is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

## B. INSTRUCTIONS

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.



# PROMISSORY NOTE, DISCLOSURE AND SECURITY AGREEMENT

BORROWER(S)

LENDER FreedomRoad Financial A DIVISION OF EVERGREEN BANK GROUP

DEALER American Biker of Charleston

NAME John Patrick Willey

ADDRESS 120 Dunnemann Ave Charleston SC 29403

NAME

ADDRESS

ADDRESS

**DESCRIPTION OF MOTOR VEHICLE PURCHASED:**

| New or Used | Year | Make and Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|
| ☐ New ☒ Used | 2007 | Ducati GT 1000 | ZDM1WABP07B009691 | ☒ Personal ☐ Business |

**TRUTH-IN-LENDING DISCLOSURE**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.50 % | $ 2975.08 (e) | $ 10625.00 | $ 13600.08 (e) |

(e) means an estimate

**Your payment schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | 188.89 | Monthly Beginning 10-19-11 |
| | | |
| | | |

**Security:** You are giving Us a security interest in the Motor Vehicle being purchased.
**Late Charge:** If a payment is more that 10 days late, You will be charged five percent (5%) of the full amount of the scheduled payment.
**Filing Fee:** $ N/A
**Prepayment Charge:** If You pay off early, You will not have to pay a penalty; and will not be entitled to a refund of a part of the finance charge.
See Your contract documents for any additional information about nonpayment, default, any required prepayment in full before the scheduled date, and prepayment penalties.

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Sale Price (including any accessories, extras, services, and taxes) ........ $ 9696.00 (1)
2. Total Downpayment = Net Trade-in $ N/A + Cash Downpayment $ N/A
   Your Trade-in is a ________ ........ $ 0.00 (2)
3. Unpaid Balance of Cash Price (Amount paid on Your Account) (1 minus 2) paid to dealer ........ $ 9696.00 (3)
4. Amounts Paid to Others on Your Behalf:
   - A. To: Credit Insurance Company (single life) ........ $ N/A *
   - B. To: Credit Insurance Company (joint life) ........ $ N/A *
   - C. To: Accident and Health Insurance Company ........ $ N/A *
   - D. To: Public Officials For Title, License, Lien Fee and Registration Fees (itemize) ........ $ N/A
   - E. Other Charges (Identify Who Must Receive Payment and Describe Purpose)
     - To: ASC For Service Contract $ 499.00*
     - To: CLASSIC For Debt Cancellation Coverage $ 430.00*
     - To: ________ For: ________ $ N/A *
     - To: ________ For: ________ $ N/A *

   Total Other Charges and Amounts Paid to Others on Your Behalf ........ $ 929.00 (4)
5. Prepaid Finance Charges:
   - A. Loan Processing Fee ........ $ N/A *
   - B. Other: ________ ........ $ N/A

   Total Prepaid Finance Charges ........ $ N/A (5)
6. Principal Amount (3 + 4 + 5) ........ $ 10625.00 (6)
7. Amount Financed (6 minus 5) ........ $ 10625.00 (7)

*Dealer may share in or receive a portion of these amounts.

To: ______ For: ______ $ N/A *

To: ______ For: ______ $ N/A *

Total Other Charges and Amounts Paid to Others on Your Behalf ........ $ 929.00 (4)

5. Prepaid Finance Charges:

A. Loan Processing Fee ........ $ N/A *

B. Other: ______ ........ $ N/A

Total Prepaid Finance Charges ........ $ N/A (5)

6. Principal Amount (3 + 4 + 5) ........ $ 10625.00 (6)

7. Amount Financed (6 minus 5) ........ $ 10625.00 (7)

*Dealer may share in or receive a portion of these amounts.

**NOTICE: THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIABLE WITH THE DEALER. THE DEALER MAY RECEIVE A PART OF THE FINANCE CHARGE.**

**CREDIT INSURANCE DISCLOSURE: YOU ARE REQUESTING CREDIT INSURANCE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN.** Please review the information provided by the insurer for more detail concerning the terms and conditions.
Please check the appropriate box(es) and sign below if You wish to purchase insurance:

☐ Single Credit Life Insurance (Borrower only) ☐ Credit Disability Insurance (Borrower only)

☐ Joint Credit Life Insurance

Insurer(s): ______

Address: ______

Credit Life: Term: N/A Premium $ N/A Joint Credit Life: Term: N/A Premium $ N/A

Credit Disability: Term: N/A Premium $ N/A Other: ______ Term: ______ Premium $ ______

X ______ Borrower ______ Date X ______ Co-Borrower ______ Date

**OPTIONAL GUARANTEED AUTO PROTECTION DISCLOSURE: YOU ARE REQUESTING GAP COVERAGE INDICATED HEREIN. YOU AGREE THAT IT IS NOT REQUIRED AS A CONDITION OF THIS LOAN AND THAT YOU MAY PURCHASE IT FROM ANY COMPANY YOU WANT WHICH IS AUTHORIZED TO SELL SUCH COVERAGE AND IS ACCEPTABLE TO US.** If You wish to purchase Gap coverage under this Agreement and You agree to pay the additional cost for the coverage, please sign below.

I request Gap coverage and agree to pay the additional cost of $ 430.00

The Gap company is GAP Ins Company at GAP Ins Address
Name of company Office Address

X ______ Borrower 09-19-11 Date X ______ Co-Borrower 09-19-11 Date

**PROPERTY INSURANCE:** You understand that You are required to purchase property insurance on the Motor Vehicle. You can buy this insurance through any person of your choosing acceptable to Us (please see reverse side for what could happen if You do not maintain such insurance.)

**PROMISE TO PAY:** You promise to pay to the order of FreedomRoad Financial, the Principal Amount (shown above) plus interest at the Contract Rate of 8.50 from the date You sign this Agreement and continuing until Your loan is paid in full. You agree to make regular monthly payments in accordance with the payment schedule shown above. You may prepay all or any part of the unpaid principal balance without paying any penalty. If You prepay, we will not refund to You any portion of the finance charge. If we have not received the full amount of any payment by the end of ten (10) calendar days after it is due, You may be required to pay a late charge equal to five percent (5%) of the full amount of the scheduled payment. If any payment under this Agreement is made with a check or other instrument that is dishonored for any reason, You agree to pay Us a returned check fee of Twenty-five dollars ($25) in addition to any other amounts or charges You may owe Us. Interest will be charged on a daily basis of 1/365 beginning on the date You sign this Agreement to purchase or refinance the Motor Vehicle described above and continuing until the full amount of the principal balance has been paid. This means the amount of interest You pay will be less if You make your payments early and more if You pay late.

**ADDITIONAL TERMS AND CONDITIONS.** Please see the reverse side for additional terms and conditions. You are bound by these terms in the same manner as if they were printed on the front.

**SIGNATURE.** By signing below, You agree to all of the terms of this Agreement and request Us to issue the proceeds of this Note. You acknowledge receiving a copy of this Agreement.

**NOTICE TO COSIGNER.** You are being asked to guarantee this debt. As a co-signer You are responsible for paying the entire debt. If the borrower doesn't pay the debt, You will have to. Be sure You can afford to pay if You have to and that You want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs which inceases this amount. FreedomRoad Financial can collect this debt from You without first trying to collect from the borrower. FreedomRoad Financial can use the same collection methods against You that can be used against the borrower, such as suing You, garnishing Your wages, etc. If this debt is ever in default, that fact may become a part of Your credit record. This notice is not the contract that makes You liable for the debt.

**NOTICE TO CONSUMER. (1) Do not sign this Agreement before You read it; (2) You are entitled to a copy of this Agreement: (3) You may, at any time, prepay the unpaid balance of this Agreement.**

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE ENTIRE CONTRACT BEFORE YOU SIGN IT.**

______ Borrower's Signature 09-19-11 Date ______ Borrower's Signature ______ Date

______ Borrower's Signature ______ Date

FR020107

White - Original - FreedomRoad Canary - FreedomRoad Copy Pink - Dealer Copy Gold - Borrower Copy



S14EZ0122

STATE OF SOUTH CAROLINA

CERTIFICATE OF TITLE

OF A VEHICLE

VEHICLE ID NUMBER [illegible] MAKE [illegible] MODEL CT1000 NEW/USED [illegible]

BODY STYLE MC DATE ISSUED 01-18-2012 ODOMETER 10,165 WEIGHT 452 TITLE NUMBER 770850242991998B

VEHICLE BRAND(S)
ACTUAL MILEAGE

FULL NAME OF OWNER(S)
WALLEY, JOHN PATRICK
120 BUNNEMANN AVE
CHARLESTON SC 294033829

CUSTOMER NUMBER: 026184551

FIRST LIENHOLDER
FREEDOM ROAD FINANCIAL
10605 DOUBLE D BLVD SUITE 100
RENO NV 89521
DATE OF LIEN 09/21/2011

1ST LIEN RELEASED ________
(DATE)

BY ________
(AUTHORIZED AGENT)

THE SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES HEREBY CERTIFIES THAT THE PERSON HEREIN IS REGISTERED BY THIS DEPARTMENT AS THE LAWFUL OWNER OF THE VEHICLE DESCRIBED SUBJECT TO THE LIENS IF ANY, HEREIN SET FORTH.

KEVIN A. SHWEDO
EXECUTIVE DIRECTOR

NIKKI R. HALEY
GOVERNOR

KEEP IN A SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

043037027

REMOVE SIDE EDGES FIRST
THEN SLIDE FINGER UNDER LONG EDGE TO OPEN

# SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES

## ASSIGNMENT OF A VEHICLE

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

NOTICE: ANY ALTERATIONS OR ERASURE VOIDS THE ASSIGNMENT — ASSIGNMENT(S) MUST BE MADE IN DARK INK

The undersigned hereby certifies that title to the vehicle described herein has been transferred on this ______ day of ______ year ______ to:

Name ______ Street ______ City ______ State ______ Zip Code ______ and is subject to the following lien

Name of Lienholder ______ Address ______ Date of Lien ______

Date of Sale ______
Sales Price $ ______
Less Trade-In $ ______
Taxable Total $ ______

I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked: STOP! DO NOT check one of the following unless it applies.

Odometer Reading (no tenths) ______

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING: ODOMETER DISCREPANCY

I am aware of the above odometer certification made by the seller(s)

Signature(s) of Buyer(s) ______
Hand Print Name of Buyer(s) ______

Signature of Seller(s) ______
Hand Print Name(s) of Seller(s) ______
Address ______

## ASSIGNMENTS BY DEALER/WHOLESALER/AUCTION

The undersigned hereby certifies that title to the vehicle described herein has been transferred on this ______ day of ______ year ______ to:

Name ______ Street ______ City ______ State ______ Zip Code ______ and is subject to the following lien

Name of Lienholder ______ Address ______ Date of Lien ______

I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked: STOP! DO NOT check one of the following unless it applies.

Odometer Reading (no tenths) ______

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING: ODOMETER DISCREPANCY

Dealer/Wholesaler
Auctions License Number ______

I am aware of the above odometer certification made by the seller(s)

Signature(s) of Buyer(s) ______
Hand Print Name of Buyer(s) ______

Signature of Seller(s) ______
Hand Print Name(s) of Seller(s) ______
Address ______

L*PWSP1 89511

The undersigned hereby certifies that title to the vehicle described herein has been transferred on this ______ day of ______ year ______ to:

Name ______ Street ______ City ______ State ______ Zip Code ______ and is subject to the following lien

Name of Lienholder ______ Address ______ Date of Lien ______

I certify to the best of my knowledge that the odometer reading is the ACTUAL mileage of the vehicle unless one of the following statements is checked: STOP! DO NOT check one of the following unless it applies.

Odometer Reading (no tenths) ______

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING: ODOMETER DISCREPANCY

Dealer/Wholesaler
Auctions License Number ______

I am aware of the above odometer certification made by the seller(s)

Signature(s) of Buyer(s) ______
Hand Print Name of Buyer(s) ______

Signature of Seller(s) ______
Hand Print Name(s) of Seller(s) ______
Address ______

NO ADDITIONAL RE-ASSIGNMENT PERMITTED - LAST ASSIGNEE MUST RETITLE BEFORE DISPOSAL

South Carolina
Department of Motor Vehicles P.O. Box 1498 Columbia, SC 29216-0024